IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| ZACHERY ZACCHEUS MOODY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-1034-JDT-egb |
| | ) | |
| LANDEN KELLY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER TO MODIFY THE DOCKET, DISMISSING COMPLAINT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On February 18, 2015, the Plaintiff, Zachery Zaccheus Moody, an inmate at the Obion County Correctional Facility in Union City, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 3.)[1] In response to the Court's order (ECF No. 4), Plaintiff filed a motion seeking leave to

---

[1] In the case caption to the complaint, Frank Henry Moody is listed as an additional plaintiff, but Frank Henry Moody did not sign the complaint and did not file an *in forma pauperis* affidavit. Frank Henry Moody is the father of Zachery Zaccheus Moody. (*See* IFP Appl. at 2, ECF No. 3.) A party in federal court must proceed either through licensed counsel or on his own behalf. *See* 28 U.S.C. § 1654. A *pro se* litigant can only represent his own interests, *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2003), and can only sign pleadings on his own behalf, *Garrison v. Fleet Fin., Inc.*, No. 97-6422, 1999 WL 282626, at *1 (6th Cir. Apr. 30, 1999) ("The signing and filing of a notice of appeal on behalf of another by a person who is not a qualified attorney is ineffective to vest an appellate court with jurisdiction."); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear *pro se* on his own behalf, he has no authority to appear as an attorney for others than himself." (internal quotation marks and alteration omitted)); *Cochran v. Nelson*, No. 93-3521, 1994 WL 28648, at *3 (6th Cir. Feb. 1, 1994) ("Because Virgil Cochran is not an attorney, he may not represent his son in federal court."); *Peak v. Smith*, No. 91-5902, 1992 WL 60194, at *1 (6th Cir. Mar. 27,
(continued...)

proceed *in forma pauperis* and a copy of his inmate trust fund account statement on March 9, 2015 (ECF No. 5). On March 10, 2015, the Court issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) The Clerk shall record the Defendants as Obion County Sheriff's Officer Landen Kelly and the 27th District Drug Task Force ("DTF").[2]

The complaint asserts several unrelated claims. Plaintiff alleges that, on December 19, 2014, Defendant Kelly, a bailiff in the Obion County Circuit Court, "physically assaulted [him] for no apparent reason" while escorting him from court to a transport vehicle that was waiting outside. (ECF No. 1 at 2.)[3] The "assault" consisted of "jerking [Plaintiff] around by his handcuffs and waist chains . . . ." (*Id.*)

A handwritten grievance that is attached to the complaint details the events that allegedly occurred in court on December 19, 2014, some of which did not involve Defendant Kelly. (ECF No. 1-1.) When Plaintiff attempted to talk to his girlfriend during the proceedings, Kelly allegedly raised his voice and spoke to Plaintiff in a disrespectful manner, telling him that he and his girlfriend were not to speak in the courtroom. (*Id.* at 1.) Plaintiff explained that he was attempting to settle the case

---

[1](...continued)
1992) ("As plaintiff Duncan failed to sign the notice of appeal, he failed to effectuate an appeal. In addition, Peak and Crowhorn are not permitted to plead or conduct the case for others because they are not attorneys. Therefore, the only plaintiffs before this court as appellants are Peak and Crowhorn." (citations omitted)). Here, the Clerk properly listed Zachery Zaccheus Moody as the only plaintiff.

[2] Although the Clerk has recorded the Obion County Circuit Court as an additional defendant, that entity is not actually listed as a defendant in this case. Therefore, the Clerk is directed to MODIFY the docket to remove the Obion County Circuit Court as a party to this action.

[3] Plaintiff refers to his claims as "B" and "C." There is no claim "A."

2

or request a new attorney, and Kelly, who had not been present during some of the proceedings, replied that he had had his chance and removed him from the courtroom. (*Id.* at 1-2.) According to Plaintiff, Kelly "jerk[ed him] out of the chair . . . by [his] uniform and cuffs with brute force before pushing and jerking [him] down the hallway to the elevator by [his] cuff chains around [his] waist." (*Id.* at 2.) Once they were in the elevator, Kelly allegedly pushed Plaintiff into the wall, telling him that he would do as he was told. (*Id.*) When they left the elevator, Kelly continued to tug Plaintiff around by his cuff chains. (*Id.*)

Plaintiff also complains that, in April 2014, the DTF violated the Fourth Amendment rights of Frank Moody by making an illegal search and seizure of his vehicle. (ECF No. 1 at 2; *see also* ECF No. 1-2 (same).)

A further attachment to the complaint, in the form of a letter "[t]o whom it may concern," complains that, on January 30, 2015, Plaintiff was coerced to plead guilty to an unspecified offense that he did not commit because of a threat that his girlfriend would be arrested and there would be nobody to take care of their daughter. (ECF No. 1-3.)

Plaintiff asks that Defendant Kelly be "disbarred or stripped of his authority." (ECF No. 1 at 3.) He also asks that the DTF return the vehicle to Frank Moody, pay any outstanding costs, and "tell him the truth of why it was taken instead of leaving him to believe [Plaintiff] was disobedient." (*Id.*) Plaintiff also asks to be "vindicated of all charges due to ineffective assistance of counsel, incorrect PSI and insufficient evidence." (*Id.*)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>    (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

  In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

  "A complaint can be frivolous either factually or legally." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Id.* (citing *Neitzke*, 490 U.S. at 328-29).

    Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations

> as true, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness.

*Id.* at 471 (citations and internal quotation marks omitted).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

To state a claim under 42 U.S.C. § 1983,[4] a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The Court cannot set aside Plaintiff's guilty plea, reduce his sentence or order his release. When a prisoner seeks to challenge the validity or duration of his confinement, his sole remedy is a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."). A federal court can address Plaintiff's challenge to his conviction and sentence only if he files a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after exhausting his claims in state court.

Plaintiff lacks standing to sue because of the illegal search and seizure of his father's vehicle. "To state a case or controversy under Article III [of the United States Constitution], a plaintiff must establish standing." *Ariz. Christian Sch. Tuition Org. v. Winn*, 131 S. Ct. 1436, 1442 (2011).

> [T]he irreducible constitutional minimum of standing contains three elements: First, the plaintiff must have suffered an "injury in fact" — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of . . . . Third, it must be

---

[4] Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

6

likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotation marks, footnote and citations omitted); *see also Lance v. Coffman*, 549 U.S. 437, 439 (2007) (same). "In requiring a particular injury, the Court meant 'that the injury must affect the plaintiff in a personal and individual way.'" *Winn*, 131 S. Ct. at 1442 (quoting *Lujan*, 504 U.S. at 560 n.1). Unless Plaintiff suffered an actual injury, he "was not the aggrieved party, [and] he lacks standing" to sue. *Percival v. McGinnis*, 24 F. App'x 243, 246 (6th Cir. 2001); *see also Corn v. Sparkman*, No. 95-5494, 1996 WL 185753, at *1 (6th Cir. Apr. 17, 1996) ("A prisoner cannot bring claims on behalf of other prisoners. A prisoner must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights." (citation omitted)). Fourth Amendment rights are personal rights that cannot be vicariously asserted. *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978). The complaint does not allege that Plaintiff had a reasonable expectation of privacy in his father's vehicle. Instead, Plaintiff emphasizes that the car belongs to his father and that Plaintiff did not use it for illegal activities.[5]

Finally, the complaint does not adequately state a claim against Defendant Kelly for the use of excessive force. "Because [Plaintiff] is a pretrial detainee, he brings his excessive-force claim. . . under the Fourteenth Amendment's Due Process Clause, which 'protects a pretrial detainee from the use of excessive force that amounts to punishment.'" *Leary v. Livingston Cnty.,* 528 F.3d 438, 443 (6th Cir. 2008) (quoting *Graham v. Connor,* 490 U.S. 386, 395 n.10 (1989). By contrast, excessive-force claims brought by convicted inmates are analyzed under the Eighth Amendment's

---

[5] As stated *supra*, although Plaintiff listed his father as a plaintiff in the case caption, his father did not sign the complaint and did not file an application to proceed *in forma pauperis* or pay the civil filing fee.

prohibition of cruel and unusual punishments.  It is unresolved whether the pretrial detainees have greater protection from the use of force than convicted prisoners. *Griffin v. Hardrick,* 604 F.3d 949, 953 (6th Cir. 2010); *Leary,* 528 F.3d at 443.  "At the least, pretrial detainees are guaranteed the same level of protection guaranteed by the Eighth Amendment."  *Lamb v. Telle,* No. 5:12-CV-00070-TBR, 2013 WL 5970422, at *6 (W.D. Ky. Nov. 8, 2013).

"[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks omitted).  Where an inmate challenges a use of force by prison guards, "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 320-21 (internal quotation marks omitted); *see also Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010) (per curiam) ("The 'core judicial inquiry' [for an excessive force claim] was not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to restore discipline, or maliciously and sadistically to cause harm." (internal quotation marks omitted)).  A significant physical injury is not required to establish the objective component of an Eighth Amendment claim. *Wilkins*, 559 U.S. at 1178-79 ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."); *Hudson v. McMillian*, 503 U.S. 1, 7-9 (1992) (same).  However, the Supreme Court has made clear that trivial physical contact does not violate the Eighth Amendment:

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. *See Johnson v. Glick*, 481 F.2d [1028,] 1033 [(2d Cir. 1973)] ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chamber, violates a prisoner's constitutional rights").  The Eighth

8

> Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.

*Id.* at 9-10 (internal quotation marks omitted); *see also Wilkins,* 559 U.S. at 38 ("An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim.").[6]

Applying *Hudson*, the Sixth Circuit has held that prison guards' use of *de minimis* force to return an inmate to his cell did not violate the Eighth Amendment. *Johnson v. Coolman*, 102 F. App'x 460, 461 (6th Cir. 2004). The defendants in *Johnson* were alleged to have "pushed [the prisoner] into his cell, pulled hard on the security strap attached to his handcuffs, hurting his wrists, and then, while removing his cuffs, attempted to bend his thumb back." *Id.*; *see also Tuttle v. Carroll Cnty. Detention Ctr.,* 500 F. App'x 480, 482 (6th Cir. 2012) (allegation that deputy grabbed inmate's privates and squeezed them "really hard" during a search insufficient to state an Eighth Amendment claim); *Leary,* 528 F.3d at 443 (allegation that deputy hit pretrial detainee on the neck with no intention to hurt him, in "a karate chop kind of deal," held to be a *de minimis* use of force); *Lockett v. Suardini,* 526 F.3d 866, 875 (6th Cir. 2008) (holding that officers "minimal application of force, together with Lockett's admitted minor injuries, did not rise to a level that is sufficient to sustain an Eighth Amendment claim"); *Briggs v. Miles,* No. 1:13-cv-228, 2015 WL 1120132, at *12 (W.D. Mich. Mar. 12, 2015) (allegation that officer "shoved" inmate inside transport van is "the very sort of *de minimis* force that falls outside the scope of the Eighth Amendment").

---

[6] This standard has been applied to court officers. *See Alvarenga v. Vanderwyde,* No. CV-02-4932 (FB), 2004 WL 1092306, at *3 (E.D.N.Y. May 12, 2004).

9

The use of force by Defendant Kelly in this case was *de minimis*. Although Plaintiff was perhaps not as disruptive as the inmate in *Lockett*, by his own account he wanted to address the court at a time when the judge did not want to hear him. Kelly's job was to remove Plaintiff from the courtroom and onto the transit van, which he accomplished by pulling and jerking on his handcuffs and cuff chains. The complaint alleges that Kelly acted unprofessionally (ECF No. 1 at 3), but there is no allegation that Plaintiff suffered even trivial injuries. Thus, Kelly's actions amounted to nothing more than pushes and shoves that caused no discernible injury, which the *Wilkins* Court stated would almost certainly not state a constitutional claim.[7]

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. Rhode Island*, 511 F. App'x 4, 5 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 511 F. App'x at 5; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every sua sponte dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a sua sponte dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002)

---

[7] The unpublished decision in *Shavers v. Bergh,* No. 09-2475, 2011 WL 12473743 (6th Cir. July 15, 2011), is distinguishable. In *Shavers*, the inmate alleged that a prison guard yanked on his belly chain, resulting in an injury to his lower back. *Id.* at *1. The Court of Appeals held that the district court erred by giving decisive weight to the extent of the prisoner's injuries rather than analyzing the nature of the force used. *Id.* at *2. Here, the Court has addressed the nature of the force used and has considered the absence of injury to Plaintiff as only one factor relevant to whether the application of force was malicious or sadistic.

("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). Because the deficiencies in Plaintiff's complaint cannot be cured, leave to amend is DENIED.

Therefore, the Court DISMISSES Plaintiff's complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment

procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 733 F.3d 175, 177-78 (6th Cir. 2013), *cert. granted,* 135 S. Ct. 43 (2014) (Nos. 13-1333, 13A985).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                 s/ **James D. Todd**
                                                 JAMES D. TODD
                                                 UNITED STATES DISTRICT JUDGE